**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARC A. BURNS | : | |
| | : | |
| Appellant | : | No. 1878 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 17, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000206-2024

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:       **FILED: DECEMBER 24, 2025**

In this case of road rage, Marc A. Burns appeals from the judgment of sentence imposing 30 months' probation, after a jury convicted him of simple assault and criminal mischief, and the trial court convicted him of summary harassment.[1]  We affirm.

On April 27, 2023, Nicole Doporcyk was driving to work.  She saw "a car come flying up on [her] butt and . . . swerving back and forth like he was in a hurry . . . ."  N.T., 8/20/24, at 58 (some punctuation omitted).  The driver – Burns – continued tailgating Ms. Doporcyk "for a very long time."  *Id.* at 59.  She let him pass, but her route happened to follow his.   Eventually, Burns pulled into his driveway.

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 2701(a)(3), 2709(a)(1), and 3304(a)(5).

Ms. Doporcyk stopped; lowered her window; and asked, "what the Hell his problem was." *Id.* He exited his vehicle, ripped Ms. Doporcyk's car door open; started beating her with his fists; and yelled, "Get out, you fucking bitch!" *Id.* at 88. He tried pulling Ms. Doporcyk from her car. She, with her seatbelt fastened, was able to remain inside the vehicle. *See id.* at 59-60.

A neighbor rushed to the scene, and Burns fled. The police arrived, arrested Burns, and the case proceeded to a jury trial. Burns was convicted, and the trial court sentenced him. He filed a post-sentence motion in which he asserted that his simple assault and criminal mischief convictions were against the weight of the evidence, because "the Commonwealth witnesses gave testimony that was 'inconceivable and inconsistent, which resulted in a storyline that failed to carry the weight of the evidence sufficient for a finding of guilty beyond a reasonable doubt." Trial Court Opinion, 4/7/25, at 9 (footnote omitted). In this motion, Burns also sought to modify the amount of restitution ordered. After oral argument, the trial court granted the motion in part by reducing the restitution amount, but denied the post-sentence motion regarding Burn's weight claim.

This appeal followed. Both Burns and the trial court have complied with Appellate Rule 1925. Burns raises the following issue on appeal:

I. Was [Burns'] guilty verdict on criminal mischief, and simple assault against the weight of the evidence in that:

A. It was contrary to the evidence to such a degree that it shocked one's conscience and sense of justice; and

B. Because [the] Commonwealth's trial witnesses' testimony was unreliable; significant portions of it being inconsistent and or improbable, and thereby, could not support a finding of guilt?

Burns' Brief at 7 (emphasis and excess capitalization omitted).

The law on a weight-of-the-evidence claim is well-established.

The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Banniger*, 303 A.3d 1085, 1095 (Pa. Super. 2023) (quoting *Commonwealth v. Arnold*, 284 A.3d 1262, 1277 (Pa. Super. 2022)).

Here, in its Rule 1925(a) opinion, the trial court detailed the testimony presented by the Commonwealth at Burns' jury trial. *See* Trial Court Opinion,

4/7/25, at 1-8. Reviewing this evidence under the appropriate standard, the trial court explained:

> In this case the weight of the evidence supported a conviction of both criminal mischief and simple assault by physical menace. Ms. Doporcyk testified as to her version of the events that [Burns] attempted to enter her vehicle and pull her out of the vehicle while hitting her with closed fists. He then kicked her car and hit it with something he picked up from the ground. [The neighbor's] testimony was consistent with [Ms. Doporcyk's] version of events in that he saw [Burns] approach her vehicle "very aggressively, very physically," while "yelling and screaming obscenities," and then testified that he saw [Burns] lunge toward the vehicle in an attempt to gain access to the car. He also stated that he observed [Burns] hit Ms. Doporcyk's vehicle with an object he picked up off the ground. He then noted the damage to the vehicle. Trooper [David] McFarland also testified that he noticed the damage to the vehicle and noted that Ms. Doporcyk was "emotionally distraught."
>
> The only testimony in which the witnesses differed was to the physical injuries to Ms. Doporcyk. Ms. Doporcyk testified that she suffered bruises and swelling and offered pictures to support her testimony. Neither [the neighbor] nor Trooper McFarland noticed any injury to Ms. Doporcyk. The jury, weighing this testimony, thus acquitted [Burns] of simple assault – attempt to cause bodily injury.
>
> The verdict is consistent with the evidence presented by the Commonwealth, does not "shock one's sense of justice," and is, therefore, not against the weight of the evidence.

Trial Court Opinion, 4/7/25, at 10-11.

We discern no abuse of discretion. Burns argues that the trial court did abuse its discretion because the court overlooked:

> 1) a befuddling verdict; 2) Ms. Doporcyk's skewed testimony; 3) the time within, and the distance from which [the neighbor] viewed the incident—thereby, leading one to doubt the accuracy of his observations; and 4) the fact that Ms. Doporcyk

- 4 -

was the root cause of [Burns']—not "conscious" but instinctive—response to a bad situation.

Burns' Brief at 15.  To support his claim, Burns then presents twenty-five pages of argument in which he takes issue with multiple statements in the trial court's factual summary, and he argues an "illogical outcome" based on inconsistent verdicts.  Additionally, Burns refers to the Pennsylvania Driver's Manual to argue the victim was the instigator in the incident, and relies on sports analogies to support his interpretation of the Commonwealth's evidence and the credibility of its witnesses.  **See** Burns' Brief at 15-40.[2]

"This Court has defined an abuse of discretion as "not merely an error of judgment, but rather, the overriding or misapplication of the law or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill will or partiality, as shown by the evidence of record." **Commonwealth v. Lawrence**, 313 A.2d 265, 275 (Pa. Super. 2024) (citation and quotation marks omitted).  None of Burns' arguments convince us that the trial court abused its discretion in denying his weight challenge.

Judgment of sentence affirmed.

_____

[2] We note that present counsel filed Burns' post-sentence motion in which Burns' described his weight challenge as cited by the trial court above.  At oral argument on Burns' post-sentence motion, a different public defender appeared for Burns.  **See** N.T., 12/17/24.  When the court asked about the weight challenge, the attorney merely stated that he "was not present at trial." **Id.** at 2-3.  None of the arguments Burns makes in his brief were presented to the trial court.  Although we could find waiver of his appellate issue for this reason, we instead affirm on the merits.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/24/2025</u>